UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Maurice L. Brooks, | : | Case No. 5:07CV1967 |
| | : | |
| Plaintiff | : | Judge John R. Adams |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendant | : | |

This action, brought under 42 U.S.C. §§405(g) and 1383(c)(3) represents the plaintiff's third attempt to obtain Social Security disability benefits. He previously applied for disability insurance benefits, 42 U.S.C. §§416, 423 (DIB) and supplemental security income, 42 U.S.C. §1381 et seq. in 1983. Those applications ended with denial at the state agency level. Seven years later he applied for SSI, and that claim also ended with denial at the state agency level.

The application for SSI which underlies this proceeding was filed in August 2001. Upon denial at the state agency level the plaintiff requested de novo review by an Administrative Law Judge (ALJ). An evidentiary hearing, at which plaintiff was represented by counsel, was held pursuant thereto on August 5, 2003.

On October 30, 2003 the ALJ entered his decision finding the plaintiff not disabled. His "Findings" which represent the rationale of decision were:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability of August 28, 2000.

2. The claimant has an impairment or a combination of impairments

    considered "severe" based on the requirements in the Regulations 20 CFR §419.920(b).

3.  These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

4.  The undersigned finds the claimant's allegations regarding his limitations are not credible for the reasons set forth in the body of the decisions.

5.  The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR §416.927).

6.  The claimant has the following residual functional capacity: to perform at least medium work, or work that requires occasional lifting and carrying of up to 50 pounds and frequent lifting and carrying of up to 25 pounds. The claimant is limited to the performance of unskilled work tasks.

7.  The claimant's past relevant work as a warehouseman did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR §416.965).

8.  The claimant was not under a "disability" as defined in the Social Security Act at any time through the date of the decision (20 CFR §416.920(e)).

  The plaintiff sought review of the ALJ's decision by the Appeals Council, but that request was denied by the Appeals Council in an order entered July 26, 2005, on the basis that the request for review was not timely filed.

  The plaintiff then brought an action in this Court challenging the determination of the Appeals Council (Case No. 5:05CV2198), and on January 30, 2007 Judge Nugent entered a decision remanding the action to the Appeals Council for further consideration of whether the request for

review had been untimely.[1]

Upon remand the Appeals Council found that the request for review had been timely. Having won that battle, the plaintiff then lost the war when the Appeals Council upheld the ALJ's decision, thereby rendering that decision the defendant's final determination.

This action was then instituted. The sole issue raised on behalf of the plaintiff is "Did the ALJ articulate a rational basis for any of his findings?"

At the outset of the arguments advanced in plaintiff's brief the candid concession is made that "There is no dispute that the evidence in this case is meager[2] and the Plaintiff, Mr. Brooks has significant hurdles to overcome to show that he is entitled to receive the SSI for which he has applied." That is followed by the statement "However, it is also clear that the hearing held in this case was not designed to elucidate evidence and the conclusions of the ALJ, while potentially valid, are not explained pursuant to the regulations of the Commissioner."

This Court has certainly seen more artfully written decisions then that of the ALJ in this case, and more comprehensive hearing manuscripts.[3]

Neither of these considerations negates the fact that the plaintiff carried the burden of demonstrating that he suffers from exertional and/or non-exertional impairments which preclude him from engaging in substantial gainful activity. The fact is that while the plaintiff complained of knee pain and also alluded to "look[ing] at my life and how I screwed it up" which bums him out, when asked by the ALJ if he had looked for work the plaintiff did not testify that he considered himself

---

[1] A motion to alter or amend that ruling was denied on March 22, 2007.

[2] This Court's comment is that to say that the evidence is meager gives the plaintiff the best of it.

[3] This Court must note that when given the opportunity to examine his client plaintiff's counsel asked a total of eight questions.

physically unable to work. Rather, he ascribed his inability to get a job to the fact that "I'm a criminal."[4] That is also the reason he gave to a consulting clinical psychologist who evaluated him in 2001 for his unemployment—"The claimant's primary reason for unemployment at this time is that no one will hire him due to his record. He claims he can work but can't get a job."

Notwithstanding the reservations this Court has concerning the quality of the hearing and the decision in this case, given the totality of the circumstances this Court is satisfied that each is just good enough to get by.

It is, therefore, recommended that final judgment be entered in defendant's favor.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:   August 4, 2008

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[4]While the exact criminal history does not appear the ALJ's decision states that "The claimant reported a history of numerous arrests for offenses including forgery, theft and drug-related matters. He said that he spent six or seven years in prison with additional time spent in county jail."